**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3179-19

MAURICE OPARAJI,

    Plaintiff-Appellant,

v.

INNOVATE 1 SERVICES, INC.,
d/b/a ONLINE INTEGRAL
SOLUTIONS, INC.

    Defendant-Respondent.

_____

        Submitted June 21, 2021 – Decided July 1, 2021

        Before Judges Fisher and Fasciale.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6600-17.

        Maurice Oparaji, appellant pro se.

        John C. Uyamadu, attorney for respondent.

PER CURIAM

    In September 2017, plaintiff Maurice Oparaji commenced this action against defendant Innovate 1 Services, Inc.; his complaint asserted numerous

causes of action, including fraud and breach of contract, arising out of a transaction whereby he paid a sum to defendant in exchange for a Nigerian passport. Defendant removed the case to federal district court, which eventually remanded the case to the trial court. After the district court's remand, defendant obtained an order from the trial court dismissing the action with prejudice due to plaintiff's failure to answer interrogatories. Because a critical preliminary order was entered by the trial court when it lacked jurisdiction, we reversed and remanded the matter to the trial court for further proceedings. Oparaji v. Innovate 1 Services, Inc., No. A-1348-18 (App. Div. Dec. 3, 2019).

A month after our remand, plaintiff moved to amend his complaint to include consumer fraud claims; he alleged defendant hacked into his computer and stole personal information. Defendant both opposed the motion and moved for summary judgment, which plaintiff opposed. On March 13, 2020, the judge denied the motion to amend, and on March 27, 2020, the judge granted defendant's summary judgment motion. Defendant then moved for an award of frivolous litigation fees, which plaintiff opposed. On April 24, 2020, the judge awarded defendant $38,061.33 in frivolous litigation fees.

A-3179-19

Plaintiff appeals the trial court orders entered on March 13, 27, and April 24, 2020. Because the judge's reasoning for entering these three orders has not been revealed, we remand.

The March 13, 2020 order. In denying the motion to amend, the judge's order refers neither to a written decision nor a decision placed orally on the record; it contains only a single statement: "[p]er the [o]pposition, there does not appear to be a basis in law or in fact for the proposed amended complaint." Even assuming the judge complied with Rule 4:9-1's admonition that amendments to pleadings be "freely given in the interest of justice,"[1] the only statement given for denying leave to amend is so conclusory as to defy review.

---

[1] When denying leave on the ground that an amended pleading has no merit, a judge must apply Rule 4:6-2(e) and, therefore, must: assume the truth of the allegations; afford the pleader all reasonable inferences; and search the pleading for the semblance of a cause of action even from obscure statements. Seidenberg v. Summit Bank, 348 N.J. Super. 243, 249-50 (App. Div. 2002) (citing Printing Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 746 (1989)). The judge's statement in the March 13, 2020 order that the new claim "appears" not to have a basis in law or fact suggests a failure to apply the correct standard. The judge should reconsider his ruling on remand. And, while we are mindful amendments may be denied when they will cause an undue delay in the proceedings, see Fisher v. Yates, 270 N.J. Super. 458, 467 (App. Div. 1994), this case has spent little time in the trial court. Despite the action having been commenced nearly four years ago, most of the time that has since elapsed has found the case either pending in federal court when improvidently removed or on appeal to this court.

The March 27, 2020 order.  The order that granted defendant's summary judgment motion contains a statement that the judge's reasoning was set forth on the record that day.  No transcript was ordered, and our Clerk's Office has since determined the judge's oral decision is no longer available.

The April 24, 2020 order.  The order imposing frivolous litigation fees contains no explanation for why the prosecution of this civil action was frivolous or how the $31,061.33 fees were quantified.  And the order does not express whether or when the judge placed his rationale on the record or where one might find his reasoning.

* * *

Due to the absence of an explanation for why these three orders were entered – a circumstance that precludes our ability to engage in meaningful appellate review, see Curtis v. Finneran, 83 N.J. 563, 569-70 (1980); Shulas v. Eastbrook, 385 N.J. Super. 91, 96 (App. Div. 2006) – we remand for a written decision meeting the requirements of Rule 1:7-4(a) as to all three orders.

Remanded.  The judge is directed to comply with this mandate within thirty days.  We retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3179-19